UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AROR ARK O'DIAH, 07A2463,

        Plaintiff,

    -v-

C.O. NETH, Correctional Officer,
Wyoming Correctional Facility;
KONKLE ANDREWS, Sr., Correctional
Officer, Wyoming Correctional Facility;
C.O. ATKINS, Correctional Officer,
Wyoming Correctional Facility;
C.O. LUNITH, as John Doe,
Correctional Officer, Wyoming
Correctional Facility;
Captain HOLLANDER, Wyoming Correctional
Facility; Superintendent DAVID UNGER,
Superintendent, Wyoming Correctional
Facility; Dr. DEPERIO, M.D., Wyoming
Correctional Facility; Mr. WEBER,
Inmate Grievance Clerk Supervisor,
Wyoming Correctional Facility;
and C.O. VANSON;

        Defendants.

**DECISION and ORDER**
10-CV-6592L



---

Plaintiff *pro se*, Aror Ark O'Diah, currently incarcerated at Collins Correctional Facility, filed a complaint in this court in 2008 pursuant to 42 U.S.C. § 1983, and an affidavit of poverty seeking permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (WDNY 08-CV-6302L.) The case was transferred to the Northern District of New York. (NDNY 08-CV-0941.) Plaintiff subsequently submitted a typewritten, forty page, single-spaced, amended complaint in the Northern District action seeking, *inter alia*, to add claims against new defendants based on incidents occurring solely in the Western

District of New York. (08-CV-0941, Docket No. 55). The Northern District severed those particular defendants and claims and transferred them to this Court. (*Id.* Docket No. 61.)

The transferred claims are interspersed among the original claims and other new claims that were not transferred. It appears that the transferred claims involve paragraphs 34, 35, 37, 96 through 100, part of 101, and 102 through 111. However, the pleading as currently presented makes it difficult for this Court and the new Western District defendants to determine with certainty which allegations properly are included in this transferred action. Accordingly, plaintiff is directed to amend his complaint to state only allegations relating to the new defendants who allegedly violated his constitutional rights in the Western District of New York.

Plaintiff is directed not to include in the amended complaint any claims retained by the Northern District of New York in 08-CV-0941. Additionally, plaintiff is directed not to include any facts and claims dating from November 6, 2002 to November 13, 2007, the timeframe leading up to and including his 2007 criminal conviction and subsequent incarceration at Ulster Correctional Facility and Cayuga Correctional Facility.[1] District Judge Sandra Feuerstein, Eastern District of New York, previously ordered plaintiff not to file any lawsuit in any court based upon those facts and issues. (E.D.N.Y 08-CV-1646, Docket No. 6.) If plaintiff includes any prohibited claim in the amended complaint, the Court will consider sanctions, including dismissal of this action for abusive litigation practices and disregard of a Court Order.

---

[1] Plaintiff had filed six actions in the Eastern District of New York alone related to these events. He currently has a case pending in the Northern District of New York involving the same time period and events, from which the instant allegations were severed.

For the reasons set forth above, plaintiff's complaint will be dismissed unless he files an amended complaint by **January 10, 2011** as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants he is permitted to raise in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed by **January 10, 2011**, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

The Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint.

In the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **January 10, 2011**, the Court hereby certifies, pursuant to 28 U.S.C.

§ 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  December 12, 2010
Buffalo, New York

/s/ WILLIAM M. SKRETNY
Chief Judge
United States District Court

4